■ GOVERNMENT DEVELOPMENT BANK FOR PUERTO RICO, Respondent, v ERNST & YOUNG et al., Appellants. [665 NYS2d 904] —Order, Supreme Court, New York County (Emily Goodman, J.), entered April 4, 1997, which denied defendants' motion for summary judgment dismissing the complaint on Statute of

Limitations grounds, and granted plaintiff's cross motion to the extent of finding that the complaint is not time-barred, unanimously modified, on the law, the cross motion denied, and otherwise affirmed, without costs.

The motion court properly denied defendants' motion, which was based on Puerto Rico's one-year Statute of Limitations for tort actions and New York's borrowing statute (*see*, PR Laws Annot, tit 31, § 5298; CPLR 202). Generally, Puerto Rico's one-year Statute of Limitations does not commence to run until the plaintiff realizes he might suffer an injurious aftereffect (even if the full extent of that injury cannot yet be determined), and has general knowledge of the author of the injury (*Rodriguez-Suris v Montesinos*, 123 F3d 10). In this respect, an injured party need not await a judicial determination of injury before acquiring knowledge sufficient to trigger the Statute of Limitations (*Rosado Serrano v E.I. Dupont de Nemours & Co.*, 797 F Supp 98, 103).

Here, the evidence revealed that until May 17, 1993, when the chapter 7 bankruptcy auction of collateral secured by plaintiff's mortgage yielded insufficient recompense for its loan, plaintiff could reasonably have believed that it would not suffer any damage since, prior to that date, it had two offers for the purchase of that collateral in amounts sufficient to repay the loan. A question of fact remains, however, as to the point at which plaintiff should have realized the "marginal" or "uncertain" value of its collateral. Plaintiff failed to bear its burden of establishing insufficient notice of the extent of its injury within the period of limitations (*Barretto Peat v Ayala Colon Sucrs.*, 896 F2d 656, 658), such as would preclude factual inquiry on this question (*Santiago Hodge v Parke Davis & Co.*, 909 F2d 628). Concur—Murphy, P. J., Milonas, Wallach, Rubin and Mazzarelli, JJ.